# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MILDRED, MULERO-GARCIA,**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA, et al.,**

**Defendants.**

**CASE NO. 16-2572 (GAG)**

## **OPINION AND ORDER**

Plaintiff, a former U.S. Postal Service ("USPS") employee, sued Defendants, Megan J. Brennan, Postmaster General, et al.,[1] under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and under the Age Discrimination in Employment Act of 1967, as amended ("ADEA") (Docket No. 1). Presently before the Court is Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 33). After reviewing the parties' submissions and pertinent law, Defendants' motion to dismiss is **GRANTED**.

**I.   Background**

Plaintiff, a forty-eight-year-old female, worked for the USPS. (Docket No. 1 ¶ 15). She alleges gender and age-based discrimination by other employees. Id. In 2016, she sued the Postmaster General, her supervisor, and another employee under Title VII and the ADEA. Id. ¶ 11. Defendants move to dismiss the case against the supervisor and other employee because they

---

[1] United States Postal Service, John Fisher, Guillermo E. Rivera, U.S. Attorney General for the District of Puerto Rico, and U.S. Attorney General.

are not proper defendants under Title VII and the ADEA. (Docket No. 33).

## II. Standard of Review

Under Rule 12(b)(6), defendants may move to dismiss an action for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). The Court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court. See FED. R. CIV. P. 12(b)(6); Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678-79. Second, the Court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. Plausible means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the Court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 678-79). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

**III. Discussion**

Defendants argue that the only proper party defendant allowed under Title VII and ADEA is the Postmaster General, Megan J. Brennan. (Docket No. 33). Title VII requires that "the head of the department, agency, or unit, as appropriate, shall be the defendant" in a civil action. 42 U.S.C. § 2000e-16(c). In Soto v. United States Postal Services, the First Circuit expressly stated that "in cases brought against the Postal Service, the Postmaster General is the only properly named defendant." 905 F.2d 537, 539 (1st Cir. 1990). Moreover, the court stated that "a district court should dismiss claims brought against all other defendants, including the U.S. Postal Service and the local postmaster." Id. Hence, the exclusive proper party defendant in a Title VII action against the government is the head of the department, agency, or unit.

ADEA forbids age discrimination against people who are age forty or older. It provides the exclusive remedy for claims of discrimination on the basis of age in federal employment. Similar to Title VII, individual employees are not liable for acts that violate the ADEA. In Fantini v. Salem State Coll, the First Circuit decided that "Title VII and the ADEA do not provide for individual liability; rather, *only the employer* may be named." 557 F.3d 22, 29-31 (1st Cir. 2009) (emphasis added). Hence, similar to Title VII, an employee who alleges discrimination based on age may file a civil action only against the head of department, agency, or unit.

Here, the only proper defendant allowed under Title VII and ADEA is the head of the USPS, Postmaster General Megan J. Brennan. All claims against other Defendants, including the United States, John Fisher, Guillermo E. Rivera, U.S. Attorney General for the District of Puerto Rico, and US Attorney General are not proper according to the law.

**Civil No. 16-2572 (GAG)**

In her response, Plaintiff argues that the motion to dismiss is untimely. (Docket No. 35). Under Rule 12(a)(2) of the Federal Rules of Civil Procedure, the United States officer or employee sued in an official capacity must serve an answer to the complaint within sixty days of receiving service. (Docket No. 35). Because Defendants did not respond within sixty days, Plaintiff claims that their motion to dismiss is untimely. However, a motion to dismiss for failure to state a claim can be filed "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c) [for judgment on the pleadings]; or (C) at trial." FED. R. CIV. P. 12(h)(2)(A)-(C). Here, Defendants move to dismiss after the pleadings, but before trial. Although they do not specify so, their motion must be treated as one for judgment on the pleadings based on Plaintiff's failure to state a claim.[2] As discussed above, even taking all of Plaintiff's facts as true, Title VII and ADEA do not allow claims against individual employees. Therefore, Plaintiff has failed to state a claim for which relief may be granted. Hence, all claims against John Fisher and Guillermo E. Rivera are hereby **DISMISSED**.

### VI. Conclusion

Defendants' motion to dismiss at Docket No. 33 is **GRANTED**. Plaintiff's claims are dismissed with prejudice and the Court will enter judgment accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico this 6th day of June, 2018.

                          *s/ Gustavo A. Gelpí*
                          GUSTAVO A. GELPI
                          United States District Judge

---

[2] Even if Defendants did not intend to file a motion for judgment on the pleadings, the Court may grant judgment on the pleadings sua sponte. See Edgenet, Inc. v. Home Depot U.S.A., Inc., 658 F.3d 662, 665 (7th Cir. 2011); Lyon v. Chase Bank USA, N.A., 656 F.3d 877, 883 (9th Cir. 2011); WRIGHT & MILLER, 5C FED. PRAC. & PROC. CIV. § 1367 (3d ed.) ("This approach seems both sound and efficient.").

4